**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-11484

Non-Argument Calendar

_____

MARCO T. CADEJUSTE,

*Plaintiff-Appellant,*

*versus*

REP,

Sec,

S. MILIKEN,

Indiv & Official Capacity,

A. COCHRAN,

Secretary FDOC Representative,

A. JOHNS,

Secretary FDOC Representative,

P. PADGHAM,

*Defendants-Appellees.*

2                     Opinion of the Court                    26-11484

―――――――――――――

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:26-cv-00027-MW-MAF

―――――――――――――

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Marco Cadejuste, a Florida state prisoner proceeding pro se, filed a motion seeking various forms of injunctive relief and initiating this case. A magistrate judge directed Cadejuste to properly file a complaint instead of a motion. Cadejuste then filed a complaint alleging that the defendants, various state prison officials, violated his First, Eighth, and Fourteenth Amendment rights and seeking injunctive relief.

On March 10, 2026, the magistrate judge entered an order denying Cadejuste's motion, directing Cadejuste to either submit an amended complaint or voluntarily dismiss the case, and warning him that failure to comply could result in dismissal of his case.

Cadejuste filed a writ of certiorari that the district court construed as a notice of appeal. Liberally construed, the notice designates the March 10 order.

The magistrate judge then issued a report and recommendation ("R&R") recommending that the district court dismiss the amended complaint, which the district court adopted. The district court thus dismissed without prejudice Cadejuste's amended complaint and entered judgment.

26-11484                Opinion of the Court                3

Because the March 10 order was not a final decision or appealable under the collateral order doctrine, we lack jurisdiction to review it. The order was not final because it did not dispose of any of Cadejuste's claims and contemplated further proceedings on the merits by directing Cadejuste to file an amended complaint. *See* 28 U.S.C. § 1291 (providing jurisdiction to review final decisions of the district courts); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." (quotation marks omitted)); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (explaining that a district court order which "contemplates further substantive proceedings in a case is not final and appealable"). The interlocutory order is not appealable under the collateral order doctrine because it did not resolve an issue completely separate from the merits and is effectively reviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

Further, because the district court has now adopted the R&R and dismissed the case, the portions of the March 10 order that denied injunctive relief have now merged into the final judgment and are reviewable only in an appeal from that judgment. *See* 28 U.S.C § 1292(a)(1) (stating that orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions are immediately appealable). *But see Shaffer v. Carter*, 252 U.S. 37, 44 (1920) (dismissing appeal from the denial of a temporary injunction where the court below also dis-

missed the case in its entirety because "the denial of the interlocutory application [] merged in the final decree"), *abrogation on other grounds recognized by Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542 (2015).  Cadejuste's construed notice of appeal is ineffective to challenge the judgment because he filed it prior to the district court announcing or entering its judgment.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal is ineffective to appeal a contemplated future order or judgment that does not exist at the time the notice of appeal is filed unless the decision or order was already announced); *see also* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.